## Michael Shafer v. R. S. Briggs.

Filed November 19, 1895.   No. 5635.

**Review:** Instructions: Criticism.  In this case the verdict, upon the issues joined, was sustained by sufficient evidence, and since, aside from this point, the argument on behalf of plaintiff has been confined to mere unmerited criticisms of some matters which appear in the record, and others which do not, and no substantial error has been discovered in the record of the trial in the district court, its judgment is affirmed.

Error from the district court of Burt county.   Tried below before Scott, J.

*H. Wade Gillis*, for plaintiff in error.

*Charles T. Dickinson, contra.*

Ryan, C.

There was a judgment in favor of the defendant in this cause in the district court of Burt county for one cent and costs.   By proceedings in error the original plaintiff seeks a reversal of this judgment.   The plaintiff's claim of $20.60, for the pasturage of certain cattle in the year 1891, was admitted in the answer of the defendant.   Affirmatively, the defendant alleged the undertaking of plaintiff to pasture and care for sixteen head of cattle entrusted to him for that purpose during the summer of 1891, and that by reason of the loss of one of these cattle the defendant has been damaged in the sum of $25, and by reason of plaintiff's failure to provide suitable care, pasturage, and water the remaining cattle had suffered deterioration in value, to the damage of the defendant in the sum of $75.   There was a prayer in the answer for judgment in favor of the defendant. The affirmative matters set up in this answer were denied by plaintiff's reply.   There was no brief submitted by the

defendant in error.   We shall therefore consider the alleged errors presented by the plaintiff in the order in which they are found in his brief.   It would be of no use to give even a synopsis of the evidence, and it must answer every purpose to say that a greater verdict in favor of the defendant would have been justified by the proofs.

It is urged that the court refused to mark the instructions "given," and that plaintiff excepted to the refusal to so mark them.   It is unfortunate for the contention that there was a refusal and an exception thereto, that the record does not show either.   We have had no difficulty in determining from the record what instructions were, in fact, given.   We shall therefore treat them as though marked as required by the statute.

The only remaining arguments are those directed against mere inaccuracies of expression, which in no way tended to mislead the jury, and against the language following, which it is asserted was used in an instruction given :   " If you find that the plaintiff did undertake to care for defendant's cattle, as he explained, and caused the leakage of the leaking of the tanks in the pasture, in which defendant's cattle were placed, the cattle of defendant were kept from getting water," etc.   It is unnecessary to reproduce the language further, for the criticisms are merely of forms of expression and not of matters of substance.   It is fortunate that on the plaintiff's motion an order was procured in compliance with which the original instructions are now found in the record in this case.   By reference to these it is found that the words given as being " as he explained " were in reality " as abv. explained."   We cannot assume that the writer of this abbreviation did not read it correctly, using the word "above" instead of the abbreviation "abv." The clerk of the district court, no doubt innocently, made the mistake; yet it is but a mistake in transcribing. The language "and caused the leakage of the leaking of the tanks" is next attacked as unintelligible and therefore

misleading.   We cannot state that there was originally a mistake, but it appears that, reading the type-written words only, there was the inaccuracy which above appears to exist.   Following the word " leakage " there appears in the transcript, as having been written with a pen, the words "that because," so that, as now disclosed by the transcript, the language was, " caused the leakage, that because of the leaking of the tanks," etc.   By reference to the original instruction we find that the words " that because " were therein as now shown in the transcript.   The final criticism of a portion of the language already quoted is in the following paragraph:  " The court says plaintiff must respond in damages because he allowed defendant's cattle to get in the mud, when by the following, ' of the tanks in the pasture in which the cattle were placed,' the court puts the whole herd into a tank, and this may have caused the leakage of the leaking."   These captious criticisms have been noticed with perhaps more patience than they deserve, because, when all the facts are stated, it is easily seen how unjustly the presiding judge has been criticised.   It is true that in some parts of his instructions more accurate language might have been used, and yet it is a fact that the plaintiff's counsel, with all his zeal, and with some apparent feeling, has been unable to point out a single error in any matter of substance.   The judgment of the district court is

AFFIRMED.